E-FILED
Wednesday, 15 July, 2015  09:14:42 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BASHIR OMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-3130 |
| | ) | |
| MICHAEL S. ROBESON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se and currently incarcerated in Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7TH Circ. 2013)(citation omitted). The court has reviewed the complaint and has also held a video merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed a [1] complaint pursuant to 42 U.S.C. § 1983 naming Western Illinois Correctional Center (WICC) defendants: Warden Tarry Williams, Jennifer Johnson, Sgt Robeson, Lt. Fishel and Officers Brooks, Volk and Woodward. He also names Menard defendants: Warden Harrington, Counselor Melissa Phoenix, Lt. Hughes, and Officer Hart. Finally, he asserts claims against Pontiac Warden Pfister, IDOC Director Godinez and Jane Doe/John Does employees of IDOC. Plaintiff alleges that on May 9, 2013, at WICC, he was subjected to excessive force by Robeson, Fishel, Brooks, Volk and Woodward and that Warden Harrington witnessed and failed to intervene. He claims that the defendants, including medical staff member Jennifer Johnson, were deliberately indifferent to his serious medical needs. Plaintiff was transferred that same day to Menard where he alleges due process and conditions of

conferment claims.  He also alleges conditions of confinement claims while at Pontiac in the summer of 2014.  Plaintiff attempts to misjoin unrelated claims.  In *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals stated that "[u]nrelated claims against different defendants belong in different suits."  In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  *Id.* at 607.

   The Seventh Circuit has instructed that such "buckshot" complaints should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants.  Fed.R.Civ.P. 21.  As there are potential statute of limitations issues, the Court will allow Plaintiff's claims against the WICC Defendants and IDOC Director Godinez and Jane Doe/John Doe IDOC employees, only, to go forward in this case.  The claims which arose at Menard Correctional Center and at Hill Correctional Center are severed into two separate actions. Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on those claims or incur the additional filing fee.  If Plaintiff does not voluntarily dismiss the severed cases, the case against the Menard defendants, Warden Harrington, Melissa Phoenix, Lt. Hughes and Officer Hart, will be transferred to the United States District Court for the Southern District of Illinois for a determination as to whether the plaintiff shall be granted leave to proceed in that action in *forma pauperis*, and for a merit review of his claims pursuant to 28 U.S.C. § 1915A.  The reason for the anticipated transfer is that Menard is located in Randolph County, within the geographical boundaries of the Southern District.  The Court finds it appropriate for the plaintiff's severed claims to be adjudicated in the district where they arose, as well as where those defendants are located.  *See* 28 U.S.C. § 93(c); 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a).  Merit Reviews Pursuant to 28 U.S.C. § 1915A.  The case against Warden Pfister, the sole Pontiac defendant, will remain in the Central District of Illinois and will be assigned a new case number.

   IT IS THEREFORE ORDERED;

   1. Plaintiffs allegations against the WICC Defendants and Director Godinez and Jane Doe/John Doe IDOC defendants only, as identified in Plaintiff's Complaint pp. 1-8, will proceed in this case and will be set for Merit Review hearing at 9:00 a.m., on August 6, 2015.

   2.   Plaintiff's allegations as to the Menard defendants, Warden Harrington, Melissa Phoenix, Lt. Hughes, and Officer Hart as identified in Plaintiff's Complaint pp. 8-14, are severed from the instant case.  The Clerk is to open a new case: *Omar v. Harrington, Phoenix, Hughes and Hart* and file a copy of the current complaint in that case. Plaintiff must, however, file an Amended Complaint within 30 days, separately realleging his claims against the Menard defendants as its own distinct complaint.  If Plaintiff does not file the amended complaint within the time provided, this claim will

be dismissed without prejudice.  If Plaintiff files the Amended Complaint, the case will be transferred to the Southern District of Illinois for a determination as to whether the plaintiff shall be granted leave to proceed in that action in *forma pauperis*, and for a merit review of his claims pursuant to 28 U.S.C.  1915A. If Plaintiff does not wish to proceed against the Menard Defendants he may file a motion to voluntarily dismiss within 30 days and will not incur the filing fee.

   3.   Plaintiff's allegations against Warden Randy Pfister, that he was subjected to inhumane conditions of confinement at Pontiac Correctional Center during the summer of 2014, identified in Plaintiff's Complaint pp. 8-14, are severed from the instant case.  The Clerk is to open a new Central District case: *Omar v. Pfister* and file a copy of the current complaint in that case.  Plaintiff must, however, file an Amended Complaint within 30 days, separately realleging his claims against Defendant Pfister as its own distinct complaint.  If Plaintiff does not file the amended complaint within the time provided, this claim will be dismissed without prejudice.  If Plaintiff files the Amended Complaint, the case will be scheduled for a determination as to whether the plaintiff shall be granted leave to proceed in that action in *forma pauperis*, and for a merit review of his claims pursuant to 28 U.S.C.  1915A. If Plaintiff does not wish to proceed with this action against the Defendant Pfister he may file a motion to voluntarily dismiss within 30 days and will not incur the filing fee.

ENTERED this 14th day of July, 2015.

/s/Harold A.Baker
_____
HAROLD A. BAKER
United States District Judge